UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE GARCIA VILLEDA,

      Petitioner,

   v.                         Case No.:  2:26-cv-01224-SPC-NPM

FIELD OFFICE DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Respondent,

                              /

**OPINION AND ORDER**

Before the Court are Jose Garcia Villeda's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Garcia Villeda's reply (Doc. 7).  For the below reasons, the Court grants the petition.

Garcia Villeda is a native and citizen of Honduras who entered the United States without inspection on May 10, 2021.  He has no criminal history. On February 22, 2026, local law enforcement arrested Garcia Villeda for driving without a license and notified Immigration and Customs Enforcement ("ICE").  ICE issued an immigration detainer and a notice to appear the next day.  On February 24, 2026, Garcia Villeda was transferred to ICE custody. He is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Garcia Villeda. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Garcia Villeda asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondent argues (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondent acknowledges, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Garcia Villeda's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Garcia Villeda has a

right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). [1]

The Court will thus order the respondent to either bring Garcia Villeda before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Garcia Villeda's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.   But, to be clear, subjecting Garcia Villeda to mandatory detention under § 1225(b)(2) is unlawful.  If the respondent is unable to ensure

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 170 F.4th 1128 (8th Cir. 2026), which agreed with the government's interpretation of the INA.  The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive.  What is more, the Second and Seventh Circuits rejected the government's arguments in *Da Cunha v. Freden*, No. 25-3141 (2nd Cir. 2026) and *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

Garcia Villeda receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jose Garcia Villeda's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondent shall either (1) bring Garcia Villeda for an individualized bond hearing before an immigration judge or (2) release Garcia Villeda under reasonable conditions of supervision.  If the respondent releases Garcia Villeda, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4